UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTIS MILLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION NO.: |
| : | |
| THE CHILDREN'S HOSPITAL OF : | **Electronically filed** |
| PHILADELPHIA; and JOHN DOES 1-5 : | |
| AND 6-10, : | **COMPLAINT AND JURY DEMAND** |
| : | |
| Defendants. : | |

Plaintiff, Artis Miller, ("Plaintiff "), residing in Cherry Hill, New Jersey by way of Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under the Family Medical Leave Act ("FMLA") alleging retaliation against Plaintiff for utilizing his FMLA rights.

### Jurisdiction and Venue

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all of the events are substantial of all the events described below took place within the district.

## Identification of Parties

3. Plaintiff Artis Miller resides in Cherry Hill, New Jersey, and, at all relevant times herein, was an employee of the Defendants.

4. Defendant The Children's Hospital of Philadelphia ("CHOP") is a company employing more than fifty (50) employees operating at 3401 Civic Center Boulevard Philadelphia, Pennsylvania 19104 and at all relevant times herein, was the employer of Plaintiff.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

## General Allegations

6. Plaintiff began his employment with Defendants in or about 2008 as a Medical Technologist I.

7. In approximately 2009, Plaintiff was promoted to a Technical Specialist I.

8. Plaintiff was subsequently promoted to a Technical Specialist II.

9. Within the last couple of years, the titles within Plaintiff's lab were changed to Medical Laboratory Scientists and Plaintiff was titled Medical Laboratory Scientist Lead.

10. At all times relevant herein, Plaintiff performed his job duties up to and beyond the reasonable expectations of his employer.

11. On January 22, 2024, Plaintiff broke his right ankle.

12. Plaintiff sought medical treatment and was required to be out of work.

13. Plaintiff informed his supervisor, Jun Ahn, of the required medical leave.

14. Plaintiff sought and was approved for FMLA leave during this time.

15. Originally, Plaintiff was scheduled to return to work on April 17, 2024.

16. Plaintiff spoke with his supervisor regarding the return to work date and Plaintiff's concern that it may be beyond the protected twelve-week timeframe.

17. Mr. Ahn told Plaintiff that they would deal with that when the time came.

18. Plaintiff was concerned by that response and spoke with his doctor and was able to return to work earlier than anticipated on April 3, 2024.

19. Plaintiff had previously taken FMLA leave following the birth of his child without any incident years earlier.

20. However, since that time his supervisor changed to Mr. Ahn.

21. Upon his return to work, Plaintiff put in his request for vacation in August 2024.

22. Mr. Ahn denied the vacation request.

23. Plaintiff inquired why the request was denied and was told that it was manager's discretion.

24. Plaintiff asked for a meeting to inquire about the denial.

25. Mr. Ahn became upset that his manager would be involved in the meeting and claimed that Plaintiff was being disrespectful.

26. On April 17, 2024, Plaintiff met with Mr. Ahn and was told his vacation request had been approved, but Plaintiff was given a "Final Warning Letter."

27. The Final Warning Letter write up dealt with incidents from over a year prior to the letter.

28. Plaintiff had received no discipline from Mr. Ahn until after he took his FMLA leave.

29. Since receiving the Final Warning Letter, Plaintiff was always on time, had performed as directed, and had received no other write-ups or any indication that he was not performing as expected.

30. On July 22, 2024, Plaintiff had a meeting with Jun Ahn and Brandy Neidi and received a letter dated July 19, 2024 terminating his employment with Defendants effective August 2, 2024.

31. Plaintiff specifically asked what the reasons were for his termination of employment.

32. Plaintiff was told that the letter would explain it all.

33. The letter did not give any specific details or concerns regarding Plaintiff's performance.

34. Following the meeting, Plaintiff followed up with Human Resources regarding the reasons for his termination.

35. Plaintiff was told that Human Resources would touch base with his leaders and telephone him no later than July 29, 2024.

36. Plaintiff did not receive such a telephone call.

37. Plaintiff was an eligible employee under the FMLA, in that he has been employed for at least a year and has worked at least 1,250 hours during that period.

38. Defendants are covered employers under the FMLA, in that they have employed in excess of 50 employees within 75 miles of Plaintiff's work location.

39. A determinative and/or motivating factor in Plaintiff's discipline and discharge was Plaintiff's seeking and taking a medical leave consistent with his FMLA rights.

40. As a result of Defendant's unlawful conduct, Plaintiff was forced to suffer economic and emotional harm.

## COUNT I

### Retaliation under the FMLA

41. Plaintiff hereby repeats and re-alleges paragraphs 1 through 40, as though fully set forth herein.

42. For the reasons set forth above, the Defendants have unlawfully engaged in retaliation in violation of the FMLA such that they are liable to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, liquidated damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Request for Equitable Relief

43. Plaintiff hereby repeats and re-alleges paragraphs 1 through 42, as though fully set forth herein.

44. In addition to the judgement of relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

   a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal Law as set forth herein;

b. Plaintiff requests that this Court order the Defendants to cease and desist engaging in unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

c. Plaintiff requests equitable reinstatement to his position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and equitable front pay;

d. Plaintiff requests that any order for equitable reinstatement, equitable back pay and/or equitable front pay includes the full value of all loss wages, benefits, fringe benefits, other remuneration of which Plaintiff was deprived due to Defendants unlawful acts such that the equitable remedies ordered make Plaintiff whole;

e. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or his attorneys' fees in connection with this litigation and all Plaintiff's reasonable attorneys' fees along with statutory required enhancements to said attorneys' fees;

f. Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training with ninety (90) days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by the FMLA and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in a contractual relationship with the Defendants;

g. Plaintiff requests that the Court order the Defendants to furnish proof of completion of the initial training described herein to Plaintiff within one hundred eighty (180) days of the entry of any such equitable order;

h. Plaintiff requests that the Court order the Defendants to expunge from all records any reference to any discipline or termination of the Plaintiff and the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of his employment, the last position held unless legally required to produce other information;

i. Plaintiff requests the Court do such other equity as is reasonable, appropriate, and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, interest, costs, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

        Respectfully submitted,

        **COSTELLO & SILVERMAN, LLC**

    By:   */s/ Mark D. Laderman*
        **Mark D. Laderman**
        PA ID No. 201153
        18000 Horizon Way, Suite 800
        Mount Laurel, NJ 08054
        Tel: (856) 727-9700
        Fax: (856) 727-9797
        mladerman@costellosilverman.com
        Attorney for Plaintiff

Dated: January 8, 2025

## **DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through his below-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

By: */s/ Mark D. Laderman*
    **Mark D. Laderman**